Spencer C. Skeen, CA Bar No. 182216
spencer.skeen@ogletreedeakins.com
Jennifer L. Santa Maria, CA Bar No. 225875
jennifer.santamaria@ogletreedeakins.com
Sarah A. Williams, CA Bar No. 261236
sarah.williams@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA  92122
Telephone:  858.652.3100
Facsimile:  858.652.3101

Attorneys for Defendant G6 HOSPITALITY LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LINDA ROBENHORST, an individual,<br><br>       Plaintiff,<br><br>    vs.<br><br>G6 HOSPITALITY LLC, a Delaware limited liability company; MOTEL 6, a business entity form unknown, and DOES 1-25, inclusive,<br><br>       Defendant. | Case No. _____<br><br>**DEFENDANT G6 HOSPITALITY LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>*[Filed concurrently with Civil Cover Sheet, Notice of Related Cases; Certificate of Interested Parties and Disclosure Statement; Declarations of Sarah A. Williams and Diane Stafford; and Request for Judicial Notice]* |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA; AND TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant G6 Hospitality, LLC ("Defendant") hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of San Luis Obispo, to the United States District Court for the Central District of California.  In support of this removal, Defendant states as follows:

    1.    On August 31, 2015, Plaintiff Linda Robenhorst ("Plaintiff")

22793495_1.docx

commenced this action by filing an unverified Complaint in the Superior Court of California, County of San Luis Obispo, entitled *Linda Robenhorst v. G6 Hospitality LLC, a Delaware limited liability company; Motel 6, a business entity form unknown; and Does 1 through 25, inclusive*, and bearing the docket number 15CVPO254 ("Complaint"). A true and correct copy of the Complaint is attached as Exhibit A hereto. Exhibit B contains all documents served on Defendant in this matter.

2.      The Complaint asserts four claims against Defendants: (1) disability discrimination, (2) retaliation in violation of FEHA, (3) failure to accommodate disability, and (4) failure to engage in interactive process to determine reasonable accommodation.

3.      As set out more fully below, this action is one over which this Court has original jurisdiction and is one that may be removed to this Court under 28 U.S.C. §§ 1332(a), 1441(a), and 1446, in that this dispute is between citizens of different states and the alleged amount in controversy is greater than $75,000, as set forth below.

**I.      THE REMOVAL IS TIMELY**

4.      Defendant G6 Hospitality LLC was personally served with the civil case cover sheet, summons and complaint on September 30, 2015. (Declaration of Diane Stafford, filed concurrently herewith ("Stafford Decl.") ¶3.) Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within 30 days of Defendant's receipt of the Summons and Complaint. "Motel 6, a business entity form unknown," is not a legally cognizable entity and therefore cannot be served. (Stafford Decl. ¶9.)

**II.     DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL PURSUANT TO 28 U.S.C. § 1446**

5.      In accordance with 28 U.S.C. § 1446(a), this Notice is filed in the District Court of the United States in which the action is pending. The Superior

DEFENDANT G6 HOSPITALITY LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

22793495_1.docx

Court of California, San Luis Obispo County is located within the Western Division of the Central District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(c)(1) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6.  In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

7.  In accordance with U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of California in San Luis Obispo County and with the Clerk of the Central District of California - Western Division.  True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

## III.  REMOVAL IS PROPER BECAUSE THE COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

8.  As set forth below, Plaintiff's claims as alleged in the Complaint are removable under 28 U.S.C. §1332(a) (diversity of citizenship).

### A. Diversity of Citizenship Requirement is Established

9.  For diversity purposes, an individual is a "citizen" of the state in which she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is the place she resides with the intention to remain or to which she intends to return.  *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10.  Plaintiff was at all times relevant, and still is, a resident of the State of California, County of San Luis Obispo.  (Complaint, ¶ 2.)  Accordingly, Plaintiff is a citizen of the State of California for purposes of this removal.

11.  Defendant was at the time of filing of this action and still is a limited liability company under the laws of the State of Delaware and operating from a principal place of business in Texas.  (Stafford Decl., ¶¶ 4, 5.)  The citizenship of a limited liability company is determined by the citizenship of its members. *Johnson v.*

*Columbia Properties Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006). The member (owner) of Defendant G6 Hospitality LLC is IBL Limited, LLC. (Stafford Decl., ¶ 6.) IBL Limited, LLC is a limited liability company formed in Delaware and operating from a principal place of business in Texas. (Stafford Decl., ¶ 7.)

12. No member of Defendant G6 Hospitality LLC is a California citizen or company with a principal place of business in California. (Stafford Decl., ¶ 8.)

13. Motel 6, a business entity form unknown, is not a legally cognizable entity, and therefore not a proper defendant in this action. (Stafford Decl., ¶ 9.)

14. As such, complete diversity exists pursuant to 28 U.S.C. §§1332(a) in this civil action because plaintiff is not a citizen of the same state as defendant. Defendant is not a citizen of California, and therefore Defendant properly may remove this case to federal court in California.

## B. The Amount-in-Controversy Requirement is Satisfied

15. Based on the allegations of the Complaint, the Plaintiff's amount in controversy exceeds the sum or value of $75,000, excluding interest and costs. The Complaint does not allege a damage amount as to each claim of Plaintiff. Nevertheless, removal is proper because, based on the allegations of the Complaint, it is more likely than not that the damages sought in connection to Plaintiff's claims exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 400-404 (9th Cir. 1996)(removing defendant meets this burden if it establishes that it is "more likely than not" that the amount in controversy exceeds $75,000; *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Once Defendant shows that the amount in controversy exceeds the jurisdictional amount, removal is presumed proper, unless Plaintiff shows that it is "legally certain" that her recovery will not exceed the amount stated." *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).

16. In determining whether the jurisdictional minimum is met, the Court must consider all recoverable damages, including damages for emotional distress,

22793495_1.docx

punitive damages, and attorney's fees. *See Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp*, 261, F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). These damages include those "that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D.Cal. 2002); *see also Celestino v. Renal Advantage Inc.*, No. C06-07788 JSW, 2007 WL 1223699 at *3-*4 (N.D.Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages **likely to be accrued after the time of removal**.") (emphasis added). Further, while a court may not consider speculative facts baldly reciting damages in excess of the jurisdictional minimum, the Court may properly rely on the facts presented in the complaint, notice of removal, and any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F. 3d 1089, 1090-91 (9th Cir. 2003); 28 U.S.C. § 1332(a); *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566-67 (9th Cir. 1992).

17.     In the Complaint, Plaintiff seeks damages including past and future earnings, medical expenses, interest on the amount of losses incurred, prejudgment interest, general damages, special damages, punitive damages, attorneys' fees and costs of suit, and all other relief the Court deems just and proper. (*See* Compl. at ¶¶17, 18, 23, 24, 29, 30, 34, 35, 36, 37 and Prayer for Relief at 8:1-9.) Plaintiff specifically alleges she has suffered and continues to suffer substantial loss in earnings and employment benefits, physical injuries and illness, and emotional distress as a direct and proximate result of Defendant's alleged actions. (*See* Compl. ¶¶17, 18, 23, 24, 29, 30, 34, 35, 36, 37 and Prayer for Relief at 8:1-9.) Plaintiff expressly concedes that her damages exceed $25,000. (*See* Compl. ¶37.)

18.     Plaintiff also makes a claim for emotional distress damages by

specifically alleging that Defendant's alleged actions directly and proximately caused Plaintiff to suffer "severe emotional distress, medical expenses, substantial loss in salary and benefits." (*See* Compl. ¶¶16, 22, 28, 34.)

19.     Based on a conservative good-faith estimate of the value of the claims in this action, if Plaintiff prevails on each of her causes of action and recovers the damages that she seeks for each claim, it is "more likely than not" that Plaintiff will recover more than $75,000 for unpaid lost wages and related employment benefits, punitive damages, attorneys' fees and damages for mental and emotional distress.[1] *See Sanchez*, *supra,* 102 F.3d at 403-404.  Specifically, Defendant estimates the amount of unmitigated lost wages and benefits due to the alleged wrongful termination of Plaintiff as follows:

a.     <u>Wages</u>

20.     Plaintiff alleges that she was terminated on or about January 23, 2015. (Compl. ¶ 10.)

21.     At the time of her alleged termination, she was earning a regular hourly wage of $10.92, overtime hourly wage of $16.38, and double-time hourly wage of $21.84. Plaintiff was working approximately 45-50 hours per week. (Stafford Decl. ¶ 10.)  Based on these allegations, Plaintiff's weekly earnings at termination were approximately $590.91.[2]

22.     More than forty weeks have passed since this alleged termination. Therefore, Plaintiff's lost wages to date would be at least $23,636.40. By the time this case is resolved at trial, likely no earlier than August 2016, Plaintiff's lost wages to date will be at least $49,636.44 (84 weeks x $590.91).[3]

---

[1] By estimating the amounts Plaintiff may recover if she prevails, Defendant does not concede that Plaintiff will prevail on any of her claims or that, if she prevails, she is entitled to damages in any particular amount or at all.  Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

[2] 40 hours per week x regular hourly wage $10.92 = $436.80; 7.5 hours per week x overtime hourly wage $16.38 = $122.85; 1.5 hours per week x double-time hourly wage $21.84 = $31.26. $436.80+$122.85+$21.84= $590.91.

[3] These numbers are estimates only based on Plaintiff's allegations and wage statements. Defendant does concede liability or that any damages are owed.

22793495_1.docx

DEFENDANT G6 HOSPITALITY LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

23.     To the above noted amount of lost wages for Plaintiff, one must add as her lost future earnings (including prospects for advancement to higher-paying positions and the value of employee benefits which Defendant provided to Plaintiff and which she would have been entitled to received, had she remained employed).

24.     Several courts have found that the jurisdictional minimum is satisfied in employment lawsuits with similar known damages at the time of removal.   In *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, (N.D. Cal. 2002), the court found that the employer had met its burden to establish the amount in controversy by the preponderance of the evidence where the plaintiff's wage loss from termination until the time of removal was $25,600 and the plaintiff sought unspecific amounts in attorney's fees, punitive damages and emotional distress damages.   *Id.* at 1031. Similarly, in *White v. FCI USA, Inc.*, 319 F.3d 672 (5th Cir. 2003) the court found that at least $75,000 was in controversy, even though plaintiff had only allegedly suffered $13,000 in damages from lost income at the time of removal, because the plaintiff alleged a "lengthy list of compensatory and punitive damages" - including loss of pay, impaired earning capacity, and emotional distress-combined with a claim for attorneys' fees and punitive damages. *Id.* at 675-76. Finally, in *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F. 3d 373 (9th Cir. 1997), the court found that the former $50,000 jurisdictional minimum was met where the plaintiff sought approximately $30,000 in tort damages as well as punitive damages.  *Id.* at 377.

b.     <u>Emotional Distress</u>

25.     Plaintiff also specified in the Complaint that she suffered emotional distress, the damages of which are properly considered in calculating the amount in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). Similarly, Plaintiff requested and could obtain an award of punitive damages, which are therefore also included in calculating the amount placed in controversy. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240-41 (1943); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that

22793495_1.docx

punitive damages are part of the amount in controversy in a civil action."); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive damages are considered as part of the amount in controversy in meeting the prerequisite for diversity jurisdiction).

26.   While Plaintiff does not state a specific amount of damages for emotional distress, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D.Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of amount in controversy).   Emotional distress damages can indeed be substantial. See *Campbell v. Nat. Passenger R.R. Corp.*, 2009 WL 692094 (N.D.Cal. 2009) (awarding $120,000 in non-economic damages in a retaliation/wrongful termination case).   Though Defendant denies any liability for emotional distress damages, the potential high award illustrate that the amount in controversy in this case exceeds $75,000.

### c.   Punitive Damages

27.   Plaintiff also seeks punitive damages.   The amount-in-controversy calculation may include punitive damages. *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998); *Anthony Security Pac. Fin. Serv., Inc.¸* 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386-387 (10th Cir. 1994).   The requests for punitive damages establish that the amount in controversy is met. *See Simmons v. PCR Tech.,* 209 F.Supp. 2d 1029, 1031-35 (N.D.Cal. 2002) (finding that the plaintiff's alleged lost income of $25,600 and unspecified amounts of medical expense damages, punitive damages and attorneys' fees satisfy the amount in controversy requirement).

28.   While the precise amount of emotional distress and punitive damages cannot be known with certainty at this juncture, the Court can and should look to jury awards in similar litigation to estimate how much these could add to the amount

DEFENDANT G6 HOSPITALITY LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

in controversy here.  *See Simmons,* 209 F. Supp. 2d at 1033-35 (court relied on jury decisions in  employment-related matters even though they were factually distinct and despite recognizing that plaintiff was unlikely to recover punitive damages in the same amount).  A sampling of recent verdicts from state courts and federal courts in California in similar cases alleging disability discrimination, wrongful termination, failure to accommodate and failure to engage in the interactive process, and retaliation demonstrates that awards for these claims can range from $125,000 to in excess of $1,100,000. [4]  (See Request for Judicial Notice; Declaration of Sarah Williams ¶2.)   Indeed, as *Simmons* noted, "emotional distress damages in a successful employment discrimination case may be substantial." *Id.* at 1034.

### d. Attorney's Fees

29.     Moreover, Plaintiff will be entitled to recover attorney's fees if she prevails, and thus the amount of those fees is properly considered when determining whether the amount in controversy meets the jurisdictional threshold.  *Galt G/S v. JSS Scandinavia*, 142 F.3d at 1155-56 (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).   As noted in *Simmons,* attorneys' fees in employment cases often exceed the damages awarded [209 F. Supp. 2d at 1034-35 (relying on the court's twenty-plus years' experience adjudicating employment cases)].

30.     Given that Plaintiff seeks all of the above items of damages, it is apparent that, if Plaintiff is successful on all claims she has asserted, the potential recovery for Plaintiff easily exceeds the jurisdictional minimum of $75,000. Accordingly, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction.  *See Sanchez*, 102 F.3d at 403-404.

31.     Based on the foregoing, this Court has diversity jurisdiction pursuant to

22793495_1.docx

---

[4] Pursuant to Federal Rules of Evidence 201, Defendant requests that the Court take judicial notice of the jury verdicts attached as exhibits to the Declaration of Sarah A. Williams In Support of Defendant's Notice of Removal.

DEFENDANT G6 HOSPITALITY LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

28 U.S.C. §§ 1332(a) and 1441(a).  Plaintiff and Defendants are not citizens of the same state.  In addition, Plaintiff's claims place more than $75,000 in controversy. Thus, removal to federal court is proper.

32.    In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that Defendant may have the opportunity to more fully brief the basis for this removal.

## IV.    **CONCLUSION**

Accordingly, Defendant removes the above-entitled action to this Court.


DATED:  October 30, 2015

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: */s/ Jennifer L. Santa Maria*
Spencer C. Skeen
Jennifer L. Santa Maria
Sarah A. Williams

Attorneys for Defendant G6
HOSPITALITY LLC

22793495.1

22793495_1.docx